MORRIS BERMAN, PLAINTIFF, v. SINDEL, SCHIFF & COMPANY, INCORPORATED, DEFENDANT.

Submitted May 14, 1926—Decided January 18, 1927.

**Contracts—Employment—Employment For One Year—After a Short Time Employe was Discharged—Proofs Examined and Held, That the Verdict For the Plaintiff Should Not be Disturbed.**

On rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Barison & Kriegel.*

Contra, *Jacob S. Spiro.*

PER CURIAM.

This was an action in the Supreme Court tried in the Hudson Circuit. There was a verdict for the plaintiff and a

rule for a new trial was allowed by the Circuit Court judge. On this rule the defendant seeks to have the same made absolute because the court refused to control the case by the entry of a nonsuit or the direction of a verdict for the defendant, and because the verdict was contrary to the weight of the evidence.

The plaintiff had previously been employed by the Woodbine Clothing Company, at Woodbine, New Jersey, as its foreman and manager. The plaintiff's evidence indicates that while so employed he was sent for to visit Isaac Sindel, president of the defendant company, at his residence in Atlantic City, and was there asked by Sindel if he would go to work in the defendant's clothing factory at Egg Harbor City, with general supervision over it. To this Berman assented and was promised a written contract. On the following day he was taken to the defendant's factory at Egg Harbor by Sindel in the latter's automobile and introduced to the employes as the new manager, his services commencing at once. Shortly after this interview he received from the defendant company a written paper dated January 21st, 1925, and signed by it, purporting to be a contract between the defendant and the "party of the second part" for the employment of the "party of the second part" from January 26th, 1925, to January 26th, 1926, at a salary of $500 per month. Berman further testified that at the end of seven weeks he was discharged without cause; that he did not get new employment until June 5th, 1926, when he went to work at $100 per week.

The action was to recover for the consequent loss based on the breach of the term of his employment from January 26th, 1925, to January 26th, 1926. The motion for nonsuit was rested on the grounds that the purported contract was not complete on its face in that it referred to a party of the second part without name; that there was no proof that the agreement was signed by the defendant, and that the plaintiff failed to prove that the contract was ever delivered to him. The motion for a direction was on the same grounds, to which was added that it was not signed by the party to be properly charged with the contract.

To the grounds presented to the trial judge it is now sought to add that the contract was within that provision of the statute of frauds which requires that any contract not to be executed within a year must be in writing. This point was not made to the trial judge, nor was the statute pleaded, and while it was perhaps permissible that the defendant avail itself of the statute by virtue of a denial of the contract, yet we think it was incumbent on the defendant to raise this ground in the motions made for a nonsuit and for a direction if it is to be availed of here.

Our reading of the testimony convinces us that the jury was justified in finding that the plaintiff left a satisfactory employment to go with the defendant; that he was employed by its officers for a year; that he remained with it for a considerable period of time; that he was then dismissed, and that this dismissal was without adequate cause.

Nor are we convinced that the proofs were not sufficient to prove that the contract was made with authority of the defendant. It was an employment in the line of the company's business by the president and vice-president, and such would seem to be a legitimate function of executive officers.

Under all the circumstances we conclude that upon none of the reasons assigned should the verdict be distributed, and the rule to show cause is accordingly discharged.